```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT
```

UNITED STATES OF AMERICA        :
                                :
v.                              :     Crim. No. 3:02-cr-00095(AHN)
                                :
KEVIN JAMES CUNNINGHAM          :

### RULING ON MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)

Pending before the court is Kevin Cunningham's ("Cunningham") pro se motion for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2). For the reasons given below, the court denies the motion.

On January 7, 2003, Cunningham pleaded guilty to possession with intent to distribute 50 grams or more of cocaine base ("crack cocaine"), in violation of 21 U.S.C. §§ 846 and 841(a)(1). At his sentencing hearing on April 24, 2003, the court found, based in part on U.S.S.G. § 2D1.1, that Cunningham's guideline range was 188 to 235 months of imprisonment.[1] The court, however, granted Cunningham's motion for a downward departure pursuant to U.S.S.G. § 5K2.0 based on the combination of his family medical history and misguided loyalty to an influential co-conspirator and sentenced him to the mandatory

---

[1] The probation office issued a presentence report, which calculated Cunningham's base offense level as 38 pursuant to U.S.S.G. § 2D1.1. The presentence report subtracted three levels for acceptance of responsibility pursuant to U.S.S.G § 3E1.1, resulting in a total offense level of 35. The presentence report further found that Cunningham had a criminal history category II because he had been convicted in state court for the sale of narcotics. The court adopted these findings.

minimum term of imprisonment, that is, 120 months.  See 21 U.S.C. § 841(b)(1)(A).

Thereafter, in 2007, the United States Sentencing Commission issued Amendment 706, which lowered the base offense level applicable to offenses involving crack cocaine.  See U.S.S.G. § 1B1.10(c).  "Specifically, the amendment adjusts downward by two levels the base offense level assigned to each threshold quantity of crack cocaine listed in the Drug Quantity Table in § 2D1.1(c) and provides a mechanism for determining the guideline range for offenses involving crack cocaine and other controlled substances."  United States v. Pizarro, No. 98-cr-148-01-PB, 2008 WL 351581, at *1 (D. N.H. Feb. 8, 2008).  The Sentencing Commission also applied the amendment retroactively.  Thus, defendants who were sentenced under prior versions of § 2D1.1 and who are incarcerated may be eligible for a reduction in their terms of incarceration, effective March 3, 2008.  Id.

Cunningham now moves the court for a reduction in his sentence pursuant to § 3582(c)(2), which permits the court to retroactively reduce a defendant's term of imprisonment where he was "sentenced . . . based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Cunningham argues that by virtue of Amendment 706 he is entitled to a retroactive two-level reduction of his sentence in accordance with the newly amended § 2D1.1.

Section 3582(c)(2) permits the court to reduce a sentence when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." The Sentencing Commission issued a revised policy statement under U.S.S.G. § 1B1.10 to explain the limitations on relief available under § 3582(c)(2). In particular, § 1B1.10 states:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G. § 1B1.10(a)(1). While Amendment 706 is listed in subsection (c) and therefore may give rise to a sentence reduction pursuant to § 3582(c)(2), the foregoing policy statement further advises that:

> A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if –
>
> * * *
>
> (B) An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

U.S.S.G. § 1B1.10(a)(2)(B).

However, pursuant to this policy statement, the court could not lower a defendant's sentence if he was also subject to a

-3-

statutory mandatory minimum sentence, even if he was otherwise entitled to a sentence reduction under Amendment 706. See id. (Application Note 1(A) (stating that a sentence reduction is not authorized under § 3582(c)(2) and is not consistent with this policy statement if another guideline or statutory provision applies, i.e., a statutory mandatory minimum term of imprisonment)). In other words, § 3582(c)(2) does not authorize a sentence reduction below an applicable statutory mandatory minimum. See, e.g., United State v. Weston, Crim. No. 99-266-01, 2008 WL 1722139, at *2 (E.D. Pa. Apr. 14, 2008) ("[Section] 841's 120[-]month mandatory minimum precludes the application of Amendment 706 to lower Defendant's guideline range. The language of § 3582(c) thus does not entitle Defendant to be re-sentenced.")

Here, even though application of Amendment 706 would lower Cunningham's guideline range to 151 to 188 months of imprisonment, he is still subject to § 841(b)(1)'s mandatory minimum sentence of 120 months and neither § 3582(c)(2) nor the policy statement authorize a reduction of his sentence below that statutory mandatory minimum. Therefore, Cunningham is not eligible for a reduction in his sentence pursuant to § 3582(c)(2).

## CONCLUSION

For the foregoing reasons, the court DENIES Cunningham's

motion for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) [doc. # 460].

    So ORDERED this 18th day of April 2008, at Bridgeport, Connecticut.

```
                                     /s/
                           Alan H. Nevas
                           United States District Judge
```