Kevin James Cunningham, Reg. No. 14609-014
La tuna Federal Correctional Institution
P.O. Box 3000, Anthony, NM 8802109897
Defendant In Pro Se

FILED
2008 MAY -7 P 12:04
U.S. DISTRICT COURT
BRIDGEPORT, CONN

Original

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT, BRIDGEPORT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Case No. 3:02-CR-000095(AHN) |
| Plaintiff ) | |
| ) | Defendant In Pro Se Notice of |
| ) | Motion and Motion for Reconsid- |
| -v- ) | eration of April 21, 2008 Order |
| ) | and Correction of Illegal |
| KEVIN JAMES CUNNINGHAM ) | Sentence; |
| ) | FedRCrimPro, Rule 35(a) |
| Defendant In Pro Se ) | New PSR and Hearing Required |
| ) | Judge Alan H. Nevas |
| ) | Date Set By Court ASAP: |

TO THE DISTRICT COURT AND THE U.S. ATTORNEY:

Defendant In Pro Se Moves this Court and Requests that the Court reconsider it's April 21, 2008 Order and reduce his sentence to time served. This is based on Plain Error of Factual and Legal mistakes. Defendant's plea was based on an element that no longer exists, i.e. crack (cocaine base) possession versus powder cocaine.

Under the U.S. Sentencing Commission's new rule on crack the 100 to 1 ratio is no longer valid. What Defendant has now plead to is possession of ½ gram of cocaine (50 grams of crack divided by 100 equals .5 gram of powder cocaine).

Based on this new formula the fact and law now shows that the Defendant's starting point for his sentence is Level 12 (10 months to 37 months) per Sentencing Guideline 2D1.1(14).

This means less then 25 grams of cocaine. For reference

(1)

see US v. Garmany, 498 F.Supp.2d 1251 (9th Cir. 2007).

Because the fact (50 grams) pled to is no longer true, the PSR is no longer valid, see US v. Triestman, 178 F.3d 624 at 633 (2nd Cir. 1999). So this new fact of only ½ gram of cocaine requires a new PSR and a new hearing under Triestman.

So any enhancements start at Level 12 (10 to 37 months) and not a Level 38 (151 to 188 months).

Based on this Plain Factual and Legal Error Defendant moves this Court under FedRCrimPro, Rule 35(a) and US v. Triestman, infra. to reconsider it's decision as to reduce the Defendant's sentence starting at 10 months (Level 12).

If the Sentencing Court does not grant this Motion, then because Defendant pled guilty to an offense level not supported by the facts, his current imprisonment is illegal and under Christopher v. Miles, 342 F.3d 378 (5th Cir. 2003) he will file a Petition for Writ of Habeas Corpus under 28 USC §2241 in the 5th Circuit where he is now being held.

Respectfully submitted;                                April 29, 2008

x /s/ Kevin Cunningham
Kevin J. Cunningham,
Defendant In Pro Se

### PROOF OF SERVICE

I, James S. Davis, declare under 28 USC §1746 that on April 29, 2008 I served the U.S. Attorney by pre-paid First Class mail this Motion addressed as U.S. Attorney, 915 LaFayette Bridgeport, Conn 06604. Executed under the penalty of perjury this 29th day of April, 2008.

x /s/ James S. Davis
James S. Davis, Declarant