```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA      :
                              :
v.                            :    Crim. No. 3:02-cr-00095(AHN)
                              :
KEVIN JAMES CUNNINGHAM        :
```

RULING ON MOTION TO RECONSIDER

Now pending before the court is Kevin Cunningham's ("Cunningham") Fed. R. Civ. P. 59(e)[1] motion to reconsider its recent ruling [doc. # 473] denying his motion for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2). The court grants the motion to reconsider but, for the reasons given below, adheres to its previous ruling.

FACTS AND PROCEDURAL HISTORY[2]

On January 7, 2003, Cunningham pleaded guilty to possession with intent to distribute 50 grams or more of cocaine base ("crack cocaine"), in violation of 21 U.S.C. §§ 846 and 841(a)(1). At his sentencing hearing on April 24, 2003, the court found that Cunningham was responsible over the course of

---

[1] Because Cunningham does not specify the rule under which he moves the court and because he filed the instant motion within ten days of entry of the court's ruling, the court considers this motion to be brought pursuant to Fed. R. Civ. P. 59(e). Cf. United States v. Clark, 984 F.2d 31, 32 (2d Cir. 1993) (stating that a motion to reconsider a § 2255 ruling is to be treated as a Rule 59(e) motion if filed within ten days of the entry of the challenged order and as a Rule 60(b) motion if filed thereafter).

[2] The court assumes the parties' familiarity with the facts of this case and only relates those facts necessary to address Cunningham's motion to reconsider.

the conspiracy for at least 1.5 kilograms of crack cocaine.  In addition, the court found that, under U.S.S.G. § 2D1.1, Cunningham's guideline range was 188 to 235 months of imprisonment.  The court, however, granted Cunningham's motion for a downward departure pursuant to U.S.S.G. § 5K2.0 based on the combination of his family medical history and misguided loyalty to an influential co-conspirator and sentenced him to the mandatory minimum term of imprisonment, that is, 120 months.  See 21 U.S.C. § 841(b)(1)(A).

## DISCUSSION

The standard for granting a motion for reconsideration under Fed. R. Civ. P. 59(e) is "strict."  See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  Reconsideration will "generally be denied unless the moving party can point to . . . matters . . . that might reasonably be expected to alter the conclusion reached by the court."  Id.  "Rule 59(e) recognizes only three possible grounds for any motion for reconsideration: (1) an intervening change in the law; (2) the availability of new evidence not previously available; and (3) the need to correct a clear error of law or prevent manifest injustice."  Gold v. Dalkon Shield Claimants Trust, No. 82-383, 1998 WL 422900, at *2 (D. Conn. July 16, 1998).  Rulings under Rule 59(e) are "committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion."

McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983).  Finally, "a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257.

In his motion, Cunningham seeks to correct what he considers to be a clear error of law.  He argues that Amendment 706 reduced the amount of crack cocaine to which he pleaded guilty under §§ 846 and 841(a)(1) by one hundredth, that is, from 50 grams to 0.5 grams.  As a result, he contends that his base offense level should be reduced by twenty-six levels, from 38 to 12, resulting in a sentencing guidelines range of 10 to 37 months.

There is no basis for such a far-reaching interpretation of Amendment 706's effect.  That amendment only reduced by two levels the base offense level for crack cocaine offenses in U.S.S.G. § 2D1.1(c).  E.g., United States v. Pizarro, No. 98-cr-148-01-PB, 2008 WL 351581, at *1 (D.N.H. Feb. 8, 2008).  In other words, the amendment has no effect on the actual quantity of crack cocaine for which Cunningham was convicted; it only reduced the base offense level warranted under the sentencing guidelines for that quantity of crack cocaine.  Therefore, there is no merit to Cunningham's argument that Amendment 706 reduced his base offense level more than two levels.

Moreover, in its ruling, the court explained that, "even though application of Amendment 706 would lower Cunningham's

guideline range to 151 to 188 months of imprisonment, he is still subject to § 841(b)(1)'s mandatory minimum sentence of 120 months and neither § 3582(c)(2) nor the policy statement authorize a reduction of his sentence below that statutory mandatory minimum."  As a result, the court held that Cunningham was not eligible for a reduction in his sentence pursuant to § 3582(c)(2).  Thus, even if Amendment 706 somehow lowered Cunningham's guideline range more than two levels, as he contends, § 3582(c)(2) would still not permit the court to lower his sentence below the 120-month mandatory minimum.  See, e.g., United States v. Adrow, No. 08-1958, 2008 WL 2369640, at *1 (8th Cir. 2008) (per curiam) (holding that "[t]he new drug quantity guidelines do not affect the mandatory minimum sentence applied to Adrow's crime under 21 U.S.C. § 846 and 841(b), so he is not entitled to a sentence reduction").

For these reasons, Cunningham has not demonstrated that the court erred in concluding that he is not eligible for a sentence reduction under § 3582(c)(2).

## CONCLUSION

Accordingly, the court GRANTS Cunningham's motion for reconsideration [doc. # 473] but adheres to its ruling DENYING his motion for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2).

    So ORDERED this 17th day of June 2008, at Bridgeport, Connecticut.

                                                    /s/  
                                            Alan H. Nevas  
                                            United States District Judge